By the Court.—Sedgwick, Ch. J.
The defendant placed upon the witness stand an expert in handwriting, and exhibited to him a receipt, at the same time exhibiting to him other papers, properly in. evidence in the cause, and asked him to say, after comparing all the papers, but especially their dates, whether the date of the receipt was Jany. 22, or July 22. It was for the interest of the defendant to show that it was the former. The witness was not called upon to give his opinion of the handwriting. This was not in dispute. As it was the office of the jury to find what the date was, I am of opinion, it was not competent for the witness to speak to that. I do not deny that it would have been competent for the expert to testify as to an analysis of the lines that made up the date, and by that to exhibit details which might escape the attention of ordinary observers, and that the jury might consider such testimony. This was not the object of the question, which was properly excluded.
The defendants’ counsel asked the court to charge, which the court refused to do, that “ if the jury find that Mr. Dresler knew that Mr. Hard was interested in the sale of the Manhattan stock in question and made no claim against Mr. Hard, filed his claim with the assignee against Blauvelt, individually, and allowed Hard to go on and make a settlement with the assignee of Blauvelt, he is estopped from making any claim against Mr. Hard, and cannot recover against him, in this action.”
There was no question as to whether the conduct of the plaintiff, as described in the request, might be considered as evidence against the plaintiff of what his relations were with Blauvelt, individually, or jointly with Hard.
The counsel for appellant has not pointed out what testimony there was in the case that required the court to make the charge as requested; but I *198 am of opinion, with the court below, that he was bound to refuse the request, because the matters that were supposed to constitute an estoppel had not been pleaded. These matters did not affect tho issues as made by the pleadings as to the original obligation. If the plaintiff were right on those issues he proved his case, and the law fixed the appellant as liable. A subsequent estoppel would not disprove the existence of the original obligation, but if it afterwards occurred, and had the force claimed for it, it would be an equitable defence or ground for the plaintiff not being permitted to enforce his right and, in effect, an extinguishment of that right. All this would constitute new matter, and should have been pleaded to give the defendant a right to offer testimony on the subject. § 500 Code Civil Procedure, subd. 2.
Certain questions were admitted by the court, against appellant’s objection. They were ' to be allowed, in the discretion of the court, upon cross-examination.
The judgment and order should be affirmed, with costs.